This bill is by a vendor for the specific performance of a contract. At the time of the contract the male complainant was engaged in building ten adjoining houses. The contract for the plumbing, heating and metal work was let to the defendant's company in consideration that the defendant purchase the "two-family frame building now in the course of erection on Jefferson street, and being the fifth house from the intersection of Joralemon and Jefferson streets, Belleville, New Jersey, including a two-car cement block garage." *Page 178 
That is the description in the contract. Part of the purchase price was to be deducted from the plumbing contract price. Each house stands on a lot thirty-nine feet front by one hundred feet in depth, and was to be built according to then existing plans and specifications. After the house was completed, the defendant, after having directed counsel to search the title and prepare the conveyance, and after two or more appointments for the closing, refused to take title, because, as he then claimed, he was not in funds and also because his wife objected to the locality as a home.
At the hearing the defendant set up that the houses were to be built on fifty-foot lots and that the house he was to take was not built according to plans and specifications, in that the sun-parlor was to be in the front instead of the side of the house. These defenses were abandoned on the argument because obviously untrue, to the knowledge of the defendant. He had had the plans which show the sun-parlor as presently located, and he saw and knew that the houses were on lots thirty-nine feet in width. The complainant at first intended building on lots thirty-three feet in width, but in conference with the defendant decided on the larger frontage.
A half dozen other alleged deficiencies in construction were set up but the testimony shows substantial compliance with the plans and specifications. The defendant was familiar with the construction and in touch with its progress, through the part he took in it. He never questioned the workmanship, and not until he concluded not to live up to his part of the bargain, for the reasons already stated, did he become critical. The deviations from the plans are such as can be remedied or compensated for, and if the amount cannot be amicably adjusted there will be a reference.
A point of law is raised, that the description of the lot to be conveyed is indefinite. "The fifth house from the intersection of Joralemon and Jefferson streets" is sufficient for accurate identification. Five houses adjacent the corner, including the one involved, were in the course of erection and equally distant apart, at the time of the contract. An equal *Page 179 
division of the total frontage among the five houses will give the width of lot for each house and a definite description, which may be determined aliunde. Wollenburg v. Rynar, 96 N.J. Eq. 38.
The complainant is entitled to a decree.