The complainant and defendant were stockholders in the Hotel Stanley Company, a corporation of the State of New Jersey. On or about the 21st day of May, 1926, they entered into an agreement as follows:
"Agreement made this 21st day of May, in the year nineteen hundred and twenty-six, by and between J. Warren Light and George L. Kleinginna, both stockholders in the Hotel Stanley Company, incorporated under the laws of the State of New Jersey, of the city of Atlantic City, State of New Jersey.
Witnesseth, that it is hereby agreed by and between both parties hereto, in consideration of the sum of one dollar each to the other paid at the signing hereof, that each of the parties hereto will sell at par to the other party hereto any number of shares of stock of the said Hotel Stanley Company stock that either of the said parties hereto may obtain or become owner of, either by purchase or gift, so as to make each party hereto have an equal number of shares of the *Page 150 
said Hotel Stanley Company stock; the purpose hereof being to equalize the holdings of each party hereto in the said Hotel Stanley Company, so that each party hereto, including their family, may have and hold an equal number of shares of the said Hotel Stanley stock.
In witness whereof, the said parties hereto have interchangeably set their hands and seals the day and year first above written.
Signed, sealed and delivered in the presence of (Signed) CHARLES A. BARTLETT J. WARREN LIGHT (Seal) (Signed) CATHERINE A. LIGHT (Signed) MRS. GEO. L. KLEINGINNA GEO. L. KLEINGINNA (Seal)
State of New Jersey, Atlantic County, ss.
Be it remembered that on this 22d day of May, in the year of our Lord one thousand nine hundred and twenty-six, before me, the subscriber, a notary public for New Jersey, personally appeared J. Warren Light and George L. Kleinginna, who I am satisfied are the grantors mentioned in the above agreement, and I having first made known to them the contents thereof, they acknowledged that they signed, sealed and delivered the same as their voluntary act and deed. All of which is hereby certified.
(Notarial Seal) (Signed) CHARLES A. BARTLETT, Notary Public of N.J.
My commission expires May 18th, 1930."
The bill alleges that the number of shares to be delivered by Kleinginna to Light to "equalize the holdings" of each party is four and one-half shares, and prays for a decree compelling the delivery of such stock.
The defendant insists that the contract is not sufficiently specific and certain to be subject to a decree. The general rule is that a contract must be complete in order to be specifically executed, and that quality of completeness must exist at the time of the filing of the bill. There are two exceptions to this general rule. One is "where a contract contains a term which is not in itself full and definite, but complies with the maxim idcertum est, c. Such a contract will be enforced, although the court, in the progress of the suit, must resort to extrinsic evidence for the purpose of applying the term, and identifying the persons, things or language to which it refers. Such a contract, however, is plainly as complete as one in which all the terms are expressed in a minute and detailed manner." Pom. Spec.Perf. (3d ed.) Par. 158. *Page 151 
The true amount of stock is sufficiently described so that with the aid of parol evidence the number of shares thereof can be readily ascertained. Bateman v. Riley, 72 N.J. Eq. 316;Wollenburg v. Rynar, 96 N.J. Eq. 38; Friedman v. Gold,105 N.J. Eq. 177.
I will advise a decree in favor of the complainant.