556 P.2d 1134

**DEPARTMENT OF PROPERTY VALUATION, Appellant,**

v.

**SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT & POWER DISTRICT and Board of Property Tax Appeals of the State of Arizona, Appellees.**

No. 12805–PR.

Supreme Court of Arizona, In Banc.

Nov. 5, 1976.

Bruce E. Babbitt, Atty. Gen. by Robert F. Brunn, James D. Winter, Mary Z. Chandler, Asst. Attys. Gen., and Donald P. Roelke, Sp. Asst. Atty. Gen., Phoenix, for appellant.

Jennings, Strouss & Salmon by Clarence J. Duncan, Leo R. Beus, Phoenix, for appellee Salt River Project.

Beer, Kalyna & Simon by Olgerd W. Kalyna, Phoenix, for amicus curiae Maricopa County.

Snell & Wilmer by Edward Jacobson, Burr Sutter, Phoenix, for amicus curiae Arizona Public Service.

STRUCKMEYER, Vice Chief Justice.

This petition for review was brought by the Salt River Project Agricultural Improvement and Power District. It sought to vacate a decision of the Court of Appeals, Division One, 27 Ariz.App. 110, 551 P.2d 559 (1976), reversing a summary judgment granted in the Superior Court in favor of the District. We accepted review to correct certain statements made in the decision which limited the scope of the Arizona statute, A.R.S. § 42–204.

In the years 1970, 1971 and 1972, the District appealed to the State Board of Property Tax Appeals to reduce the valuation of its property as fixed for tax contribution purposes by the State Department of Property Valuation under A.R.S. § 45–2201, et seq. The Board of Property Tax Appeals ordered the valuation reduced for each of the stated three years. Pursuant to A.R.S. § 42–151, the Department appealed to the Superior Court, where the appeals were consolidated for disposition. The Superior Court summarily entered judgments favorable to the District, and the Department appealed to the Court of Appeals. That court reversed and remanded for proceedings consistent with its decision. In the course of its decision, the Court of Appeals stated that a taxpayer cannot test the issue of the valuation of his property in a suit brought under the authority of A.R.S. § 42–204. We are of a contrary view.

This language, to be found in the prior case of *County of Maricopa v. Chatwin,* 17 Ariz.App. 576, 582, 499 P.2d 190, 196, correctly states the Arizona law:

"First, let us state that in our opinion the administrative appeal and/or direct appeal procedures culminating in a § 42–151 appeal to the Superior Court do not constitute the exclusive means by which a dissatisfied taxpayer may question the factual correctness of the classification or valuation of his property as contended by the taxing authorities. Rather, it is our opinion that these same issues may be raised in a § 42–204, subsec. C suit for refund after payment under protest. While the application of the doctrine requiring exhaustion of administrative remedies as a prerequisite to resort to the courts might at first glance

appear to require a contrary result, we are of the opinion that a review of the peculiar statutory provisions here involved indicates a legislative intention to provide alternative remedies and, in fact, to preserve to the taxpayer in its totality his § 42–204, subsec. C remedy which previously existed. Our research into the statutory history of the reference in § 42–204, subsec. C to taxes 'illegally collected' reveals that this same language has been used since the Struckmeyer Code of 1928 without change. Therefore, it cannot now be argued that these words were intended to restrict § 42–204, subsec. C actions for refund to the raising of constitutional discrimination questions. It is our opinion that a dissatisfied taxpayer desiring to raise questions concerning both the factual correctness of the classification or valuation on his property and also questions concerning unconstitutional discrimination may first avail himself of a § 42–151 remedy insofar as concerns the factual correctness of the classification and valuation of his property, and later present his discrimination questions in a § 42–204, subsec. C action for refund, or he may choose to wait and present all of these questions in the § 42–204, subsec. C action without resort to the administrative remedies. Of course, if both § 42–151 and § 42–204, subsec. C actions are pending at the same time relating to the same property, it might well be that these pending actions should be consolidated in the interest of all concerned." [Footnote omitted]

Any statement or suggestion in the instant case which is not consistent with the foregoing quoted language is expressly disapproved.

The judgment of the Superior Court is reversed and this cause remanded for further consideration as directed by the Court of Appeals, 27 Ariz.App. 110, 551 P.2d 559.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.