582 P.2d 182

**DEPARTMENT OF REVENUE,**
Appellant,

v.

**SOUTHERN UNION GAS COMPANY, a
corporation and Division One of the
State Board of Tax Appeals, Appellees.**

**No. 1 CA–CIV 3288.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 21, 1977.

Rehearing Denied Aug. 3, 1977.

Review Granted Oct. 12, 1977.

Bruce E. Babbitt, Atty. Gen., by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellant.

Evans, Kitchel & Jenckes, P. C., by Joseph F. Abate, David William West, Phoenix, for Southern Union Gas Co.

Beer, Kalyna & Simon, by Olgerd W. Kalyna, Phoenix, for State Bd. of Tax Appeals.

## OPINION

WREN, Acting Presiding Judge.

The Department of Revenue brings this appeal from the dismissal of its action against Southern Union Gas Co. and the State Board of Tax Appeals for failure to bring its case to trial within 90 days. The Department had filed a pleading entitled "Notice of Appeal and Complaint" contesting the Board of Tax Appeals' reduction in the valuation of Southern Union Gas Co.'s utility property for the 1974 tax year. The dismissal was ordered pursuant to A.R.S. § 42–152 A.[1]

---

1. That statute provides:
   "A. The superior court shall hear the appeal within ninety days after the appeal is docketed, with or without a jury, unless both parties file a written agreement with the court for a postponement."

The Department urges three grounds for reversal of the Superior Court's judgment. It contends that the case is not entitled to the priority provision of A.R.S. § 42–152 A, that the failure to try a property tax appeal within 90 days does not require dismissal, and that Southern Union Gas Co. waived any right it had to the A.R.S. § 42–152 A priority.

The Department's contention that the case was not entitled to priority is based upon the assertion that the action was brought under A.R.S. § 42–123 B(1) and B(6).[2] The Department admits that an appeal under A.R.S. § 42–123 B(6) is entitled to priority but urges that priority is lost when a B(6) appeal is coupled with a complaint alleging illegality under B(1). By analogy, the appellant cites the authorities permitting a taxpayer to contest valuation by bringing an appeal under A.R.S. §§ 42–151 and 152 and thereby be entitled to priority or in the alternative to sue for a refund under A.R.S. § 42–204 C raising valuation questions but without the benefit of the priority granted in A.R.S. § 42–152 A. *Department of Property Valuation v. Salt River Project Agri. Imp. and Power Dist.,* 113 Ariz. 472, 556 P.2d 1134 (1976);

*County of Maricopa v. Chatwin,* 17 Ariz. App. 576, 499 P.2d 190 (1972).

In *County of Maricopa v. Chatwin,* supra, this Court noted that if the taxpayer appeals under the provisions of A.R.S §§ 42–151 and 152, he is limited to raising only issues relating to valuation and classification. A taxpayer wishing to raise other issues can proceed under A.R.S. § 42–204 C in a suit for refund. However, the Court went on to hold that the appeal procedure of A.R.S. §§ 42–151 and 152 was not the exclusive means by which a taxpayer can raise valuation and classification questions. These issues may also be raised in an A.R.S. § 42–204 C suit. This conclusion was based upon the Court's belief that the enactment of the valuation and classification appeal procedure did not affect the previously existing remedies under A.R.S. § 42–204 C which had always encompassed valuation and classification questions. This reasoning was expressly approved by the Supreme Court in *Department of Property Valuation v. Salt River Project Agri. Imp. and Power Dist.,* supra. However, it does not necessarily follow that the Department has a similar choice of procedures, as it contends.

2. The pertinent sections of A.R.S. § 42–123 B provide:

"B. The department may:

1. Examine into all alleged violations of the provisions of this title relating to the valuation of property and the assessment and collection of taxes and request the attorney general or the county attorney in their respective counties to commence and prosecute actions and proceedings or to represent counties to commence and prosecute actions and proceedings or to represent the department in litigation to enforce the laws relating to taxation and orders, or the rules and regulations of the department. When in the opinion of the director and in the opinion of the attorney general or the county attorney of the county in which the public official serves, a public official, who performs valuing, taxing or equalizing functions, is guilty of official misconduct or neglect of duty, the director shall take whatever steps are necessary to insure that complaints are filed and prosecutions commenced against such officials for their removal from office. A com-

plaint by the director charging official misconduct or neglect of duty of a public officer shall be delivered to the county attorney or to the attorney general who shall file the original with the superior court in the county in which the public official serves and cause a copy thereof to be served upon such public official. Proceedings upon such complaints shall be in accordance with the provisions of subsections B and C of § 38–342, and §§ 38–343 and 38–345.

\* \* \* \* \* \*

6. Contest any proposed valuation or classification or any proposed change in valuations or classifications before any county board of equalization or before the state board of tax appeals. If any decision of any county board of equalization or of the state board of tax appeals is, in the opinion of the director, erroneous, the director may appeal such decision to the superior court in the manner provided in § 42–151, on or before the final date a taxpayer may file an appeal from the valuation or classification of his property."

A.R.S. § 42–123 B(6) provides the specific method by which the Department can contest allegedly erroneous valuations and classifications. "[T]he director may appeal such decision to the superior court *in the manner provided in A.R.S. § 42–151.*" (Emphasis added.) It is the conclusion of this Court that A.R.S. § 42–123 B(6) provides the *exclusive* means by which the Department can appeal a valuation decision of the Board of Tax Appeals. It follows therefore that the procedures outlined in A.R.S. §§ 42–151 and 152 are applicable to all Department appeals, since no alternative method of raising valuation and classification is provided by statute for the Department. We hold that the issue of erroneous valuation alleged by the Department pursuant to A.R.S. § 42–123 B(6) must be heard pursuant to the procedures of A.R.S. §§ 42–151 and 152 and therefore the 90 day priority provision was applicable.

Further, because A.R.S. § 42–152 limits the issues on appeal to valuation and classification, *County of Maricopa v. Chatwin,* supra, if appellant's "Notice of Appeal and Complaint" raised any issues under A.R.S. § 42–123 B(1) they were properly dismissed.

A final issue relating to the matters pleaded by appellant is the assertion that the Board's reduction in valuation was made without jurisdiction. This issue falls under the claim of erroneous valuation and is without merit. The date of transmittal of valuation by the Department as required by A.R.S. § 42–124.01 does not establish a time before which any appeal would be premature. Southern Union Gas Co. had received notice of the Department's final valuation figure which was in fact transmitted. Southern Union Gas was justified in appealing to the Board upon receiving this notification and could presume that no further reductions would be made before the Department transmitted its valuations.

The appellant's second contention is that the failure to try a case entitled to an A.R.S. § 42–152 A priority does not mandate dismissal if not tried within 90 days.

Initially, we find no merit to appellant's assertion that the responsibility to try the case within 90 days lies with the Court. The wording of the statute indicates that the 90 days begins to run from the time the appeal is docketed. This means nothing more than from the date the appeal is filed with the Clerk of Court. This statute places no duty on the court to set the case for trial on its own.

The responsibility for prosecuting a case lies with the plaintiff. *Copper v. Odom,* 6 Ariz.App. 466, 433 P.2d 646 (1967); see, Rule 41 B, Arizona Rules of Civil Procedure, 16 A.R.S.; Rule V, Uniform Rules of Practice of the Superior Court, 17A A.R.S. The Local Rules of Practice for Maricopa County, Rule V(e) places on the litigant the responsibility to note in the caption of the case that it is one entitled to priority. It was the Department and not the court that had the responsibility to have the matter set for trial within 90 days.

Appellant also asserts that A.R.S. § 42–152 A is not mandatory but directory. This assertion is based on appellant's contention that the statute is not jurisdictional. We agree with appellant that the 90 day priority for trial is not a jurisdictional provision. Failure to try the case within 90 days does not deprive the court of subject matter jurisdiction. This is made evident by the fact that the parties may agree to a waiver of the 90 day priority. Subject matter jurisdiction cannot be conferred or lost by agreement of the parties. Although not a jurisdictional matter, the question of the appropriate remedy for non-compliance with A.R.S. § 42–152 A still remains.

In *County of Maricopa v. Garfield,* 109 Ariz. 503, 513 P.2d 932 (1973), the Supreme Court, in discussing the mandatory vs. directory nature of another statute relating to taxation, noted that this determination depended upon the purposes to be achieved by the statute. If the provisions were intended to benefit the taxpayer, the statute would be construed as mandatory. If the purpose was only to benefit the taxing authority by setting forth an adminis-

trative guide, the statute would be considered directory. While the speedy resolution of valuation and classification certainly benefit the taxing authority, the appeal procedures provide some "very definite" advantages to the taxpayer. These include the priority given in A.R.S. § 42–152 A as well as the ability to contest valuation prior to paying the taxes under protest. *County of Maricopa v. Chatwin*, supra; *also, Harvey v. Lissner*, 124 Ga.App. 448, 184 S.E.2d 184 (1971).

■ We can only conclude that the priority granted by A.R.S. § 42–152 A was intended to be mandatory unless the parties agree to a waiver. Further, the responsibility is on the party filing the appeal to comply with the provision. It does not necessarily follow, however, that dismissal is the sole remedy should the case not be set for trial within 90 days of the filing of the notice of appeal. Depending upon the circumstances, the trial court may choose to dismiss or may choose to order the parties to trial. In the absence of any express language mandating dismissal, we will not infer that the legislature intended this harsh result in all cases. This case must be remanded for reconsideration however, because the trial judge dismissed on his mistaken belief that subject matter jurisdiction had been lost.

■ Finally, we do not agree with appellant's contention that priority was lost due to appellees' failure to assert it. As previously noted appellant had the responsibility to bring the matter of priority to the court's attention and have the case set for trial. Appellees had the right to move to dismiss after appellant failed to comply with A.R.S. § 42–152 A.

Remanded.

NELSON, J., concurs.

EUBANK, Judge, concurring in part, dissenting in part.

I concur in the result reached by the majority, but disagree with much of the basis used for reaching that result.

First, while I agree that A.R.S. § 42–123 B(6), through A.R.S. §§ 42–151 and 152, provides the exclusive administrative appeal procedure for the Department where either valuation or classification, or both, are the issues, I disagree with the implication that the Department cannot bring an independent action against the members of the appellee Board for official misconduct or neglect of duty arising out of valuation or classification matters pursuant to A.R.S. § 42–123 B(1). The "complaint" here, however, does not in my opinion allege such a § 42–123 B(1) action against board members. Therefore the "complaint" aspect of the appeal was properly dismissed. The appeal, however, was not properly dismissed.

Second, while I agree that the failure to set the appeal for hearing within 90 days, pursuant to A.R.S. § 42–152 A, is not a jurisdictional requirement, I disagree with the majority that the initial responsibility for hearing the case within 90 days does not lie with the superior court, for the following reasons:

(1) A.R.S. § 42–152 A expressly places that responsibility on the superior court to hear the appeal within ninety days after the appeal is docketed. This is, of itself, a strong indication that the legislature intended the duty to lie with the court.

(2) The legislative history shows that the duty was always with the superior court. Section 3065, R.C. 1928, provided for appeal as follows:

. . . No appeal shall be taken unless the appellant shall first pay to the said county treasurer the amount of taxes levied and assessed against his property, and unless so paid the appeal shall be dismissed by the court. The appellant must file concurrently with the said county treasurer a statement of the reasons why the assessment in question is erroneous or excessive. The county treasurer shall give a receipt for the amount when paid, and transmit a copy of such receipt, notice of appeal and statement of protest to the board. Upon receipt thereof, *the secretary of said board shall transmit said*

*papers together with a certified copy of the proceedings of said board against appellant to the clerk of the superior court* of the county in which appellant's property is situated, and *the clerk shall docket the appeal* in the name of appellant as plaintiff, and in the name of the county and board as defendants. *The court shall hear such appeal within ten days thereafter, either with or without a jury, unless both parties shall file a written agreement with the court to a continuance.* (Emphasis added).

This procedure was continued into the 1939 Code without change. (Section 73–110, A.C.A. 1939). In our 1956 Code § 3065 was divided into two sections, A.R.S. § 42–146 and A.R.S § 42–147. These sections read, in part,

. . . No appeal shall be taken unless the appellant first pays to the county treasurer the amount of taxes levied and assessed against his property, and unless so paid, the appeal shall be dismissed by the court. The appellant shall file with the county treasurer concurrently with the appeal a statement of the reasons why the assessment in question is erroneous or excessive.

C. The county treasurer shall give a receipt for the amount when paid, and shall transmit a copy of the receipt, notice of appeal and statement of protest to the state board of equalization. Upon receipt thereof, the secretary of the board shall transmit the papers together with a certified copy of the proceedings of the board relating to appellant to the clerk of the superior court of the county in which appellant's property is located, and the clerk shall docket the appeal in the name of appellant as plaintiff and of the county and the board as defendants. (A.R.S. § 42–146 B and C).

A. The superior court shall hear the appeal within ten days after the appeal is docketed, with or without a jury, unless both parties file a written agreement with the court for a postponement. (A.R.S. § 42–147 A).

In 1969 A.R.S. § 42–147 A was amended to increase the time that the superior court "shall hear the appeal" to the present 90 days requirement. Laws 1969, ch. 122, § 3. In 1970 the notice of appeal provision of A.R.S. § 42–146 was changed, in part, to read,

C. The appropriate public official shall give a receipt for the amount when paid, and shall transmit a copy of the receipt, notice of appeal and statement of protest to the state board of property tax appeals. Upon receipt thereof, the clerk of the state board shall transmit the papers together with a certified copy of the proceedings of the state board relating to appellant to the clerk of the superior court of the appropriate county, and the clerk of the superior court shall docket the appeal in the name of appellant as plaintiff and of the state or county, whichever be appropriate, and the department as defendants. (L. 1970, ch. 82, § 3).

For our purposes A.R.S. § 42–147 retained the same 90-day requirement for hearing. (L. 1970, ch. 82, § 4).

In 1971 the major change in the law occurred. A.R.S. § 42–147 A was entirely repealed, (L. 1971, ch. 41, § 9) but its language was exactly reenacted as A.R.S. § 42–152 A and reads,

A. The superior court shall hear the appeal within ninety days after the appeal is docketed, with or without a jury, unless both parties file a written agreement with the court for a postponement.

A.R.S. § 42–146 was amended by striking out the requirement of sending notice of appeal to the clerk of the superior court and reads,

A. Any taxpayer dissatisfied with the valuation OR CLASSIFICATION OF HIS PROPERTY as reviewed by the state board of property tax appeals, may appeal TO THE SUPERIOR COURT IN THE MANNER provided BY SECTION 42–151 and not otherwise.

B. APPEALS for AIRLINE COMPANIES AND private car companies shall be taken on or before the third Monday

in December, APPEALS FOR UNSECURED PERSONAL PROPERTY SHALL BE TAKEN BEFORE THE TAXES BECOME DELINQUENT, and all other appeals shall be taken on or before November 1. (L. 1971, ch. 41, § 3). The 1971 amendment, therefore, eliminated the provision which required various public officers to forward appeal documents to the clerk of the superior court for docketing, and the new special appeal provisions of A.R.S. §§ 42–146, 42–151 and 42–152 did not cover the notice procedure as the prior statutes did. It is clear to me that even though the legislature removed the appeal notice procedure from the board to the superior court, they did not intend to change the duty of the court to hear the appeal within 90 days after the appeal was docketed because, as we have seen above, that duty of the court has remained exactly the same since the enactment of § 3065, R.C. 1928, except for the increase of time to 90 days for the hearing. The obligation to hear the matter then was the obligation of the court and not the appellant or the appellee. This being so any delay on the part of the court to hear the appeal can be remedied by the parties in the manner provided for obtaining speedy decisions under art. 6, § 21, Arizona Constitution, by a special action. *Wustrack v. Clark*, 18 Ariz. App. 407, 502 P.2d 1084 (1972).

(3) The majority's reliance on *Cooper v. Odom*, 6 Ariz.App. 466, 433 P.2d 646 (1967); Rule 41(b), Rules of Civil Procedure, 16 A.R.S.; Rule V, Uniform Rules of Practice of the Superior Court, 17A A.R.S.; Rule V(a), Local Rules of Practice of Maricopa County, 17A A.R.S. is inaccurate because this matter is an administrative appeal from the decision of a state agency to the superior court under the authority of special appellate statutes: A.R.S. § 42–151 and § 42–152. *See* 15 Ariz.L.Rev. 820–829 (1973). The Rules of Civil Procedure and Rules of Practice are, for the most part, inapplicable to such appellate procedure. It would perhaps be more accurate to apply the provisions of the Judicial Review of Administrative Decisions Act, A.R.S. § 12–901 et seq. where they are not in conflict with the special appeal statutes. *See* Judicial Review of Administrative Action In Arizona, 1975 Ariz.St.L.J. 739 (1975). However, as indicated above, this failure to hear the matter is not a failure to prosecute, in my opinion, but is a failure of the superior court to perform a statutory duty.

(4) The majority is of the opinion that the trial court "may choose to dismiss or may choose to order the parties to trial." I disagree. In my view, the court can only proceed as required by A.R.S. §§ 42–151, 42–152. As stated before, the trial court could properly sever or dismiss the A.R.S. § 42–123 B(1) "complaint" from the appeal, but thereafter it should proceed to hear the appeal.

Finally, I agree that there is no waiver by appellee. The duty to hear the matter is the court's and not the parties when they have timely appealed pursuant to A.R.S. §§ 42–146, 42–151 and 42–152.

I would reverse the dismissal and remand for the administrative appellate hearing on the issues of valuation and classification.