582 P.2d 158

DEPARTMENT OF REVENUE,
Appellant,

v.

SOUTHERN UNION GAS COMPANY, a
corporation and Division One of the
State Board of Tax Appeals, Appellees.

No. 13338–PR.

Supreme Court of Arizona,
In Banc.

May 23, 1978.

John A. LaSota, Jr., Atty. Gen., Bruce E. Babbitt, Former Atty. Gen. by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellant.

Evans, Kitchel & Jenckes by David William West, Joseph F. Abate, Phoenix, for appellee Southern Union Gas Co.

Beer, Kalyna & Simon by Olgerd W. Kalyna, Phoenix, for appellee State Board of Tax Appeals.

STRUCKMEYER, Vice Chief Justice.

This is an appeal by the Department of Revenue from the dismissal of its action by the Superior Court on the ground that the Department failed to bring its case to trial under the provisions of A.R.S. § 42–152 A within ninety days. The Court of Appeals, Division One, 119 Ariz. 536, 582 P.2d 182 (App.1977), held that the statute was mandatory. It remanded for reconsideration by the Superior Court for the reason the Superior Court mistakenly believed that dismissal was the only remedy available. We granted review. Opinion of the Court of Appeals vacated. Reversed.

The appellee, Southern Union Gas Company, operates various utility properties in Arizona. In 1974, the Arizona Department of Revenue[1] fixed the full cash value of appellee's property for tax purposes at $12,-400,000. The State Board of Tax Appeals, after a hearing, reduced the full cash value to $10,500,000. On October 29, 1974, the Department of Revenue filed this action in the Superior Court as an appeal from the Board's valuation. On May 30, 1975, seven months later, Southern Union filed a motion to dismiss because the appeal was not heard within ninety days of the date of docketing, as required by A.R.S. § 42–152 A.[2] The trial judge granted appellee's motion and dismissed the case.

The Department first advances a vague argument that the word "docketed" as used in the statute is the placing of a case upon a trial calendar and that this has not, in fact, ever been done. The Department's argument is readily resolved by an examination of § 4887 of the 1913 Revised Statutes of Arizona, the predecessor to § 42–152 A. That statute provided that "[u]pon the filing of said notice of appeal * * * the clerk of the superior court shall docket the appeal * * *." We think that it is clear that the docketing of an appeal was to occur contemporaneously with the filing of the appeal in the office of the Clerk of the Superior Court. Hence, the ninety day period begins immediately upon filing. When the statute is so construed, more than ninety days elapsed without a trial in the Superior Court.

Accordingly, we reach the principal issue: what is the legal consequence for noncompliance with the ninety-day provision of the statute?

As a general proposition, statutes may be classified as either mandatory or directory. The word "mandatory" is defined as "containing a command." Black's Law Dictionary 1114 (4th ed. 1968). Black further states:

"A 'mandatory' provision in [a] statute is one the omission to follow which renders

1. At that time, the Department of Revenue was called the Department of Property Valuation.

2. A.R.S. § 42–152 A then provided:

"The superior court shall hear the appeal within ninety days after the appeal is docketed, with or without a jury, unless both parties file a written agreement with the court for a postponement."

the proceedings to which it relates void * * *." *Id.*

"Directory" is defined by the same authority as:

"A provision in a statute * * * which is a mere direction or instruction of no obligatory force, and involving no invalidating consequence for its disregard * * *." *Id.* at 547.

In *Commonwealth v. Kowell*, 209 Pa.Super. 386, 228 A.2d 50, 52 (1967), the court quoted with approval from *Pleasant Hills Borough v. Carroll*, 182 Pa.Super. 102, 106–107, 125 A.2d 466, 469 (1956), as follows:

"To hold that a provision is directory rather than mandatory, does not mean it is optional—to be ignored at will. Both mandatory and directory provisions of the legislature are meant to be followed. It is only the *effect* of non-compliance that a distinction arises. A provision is mandatory when failure to follow it renders the proceeding to which it relates illegal and void; it is directory when the failure to follow it does not invalidate the proceedings."

It is therefore apparent that if the ninety-day requirement is a mandatory provision, then its disregard would compel the dismissal of the appeal because the failure to follow the statute would invalidate the proceedings. We do not conclude that the ninety-day provision is mandatory.

■ The basic rule of statutory construction is for the court to ascertain the legislative intent. *Mardian Constr. Co. v. Superior Court*, 113 Ariz. 489, 557 P.2d 526 (1976). In arriving at the Legislature's intent, the effect and consequences of alternative constructions may be considered. See *State v. Stockton*, 85 Ariz. 153, 333 P.2d 735 (1958). A mandatory construction will require that litigation involving substantial rights of both the State and appellees must be dismissed without a determination on the merits. A contrary construction, however, permits the judicial resolution of the questions at issue. When the statute is examined in this light, we are not convinced the Legislature intended that the proceeding should be dismissed if not tried within ninety days, for had the Legislature intended such a consequence, it could have plainly spelled it out in appropriate language. Language, mandatory in form, may be deemed directory when the legislative purpose can best be carried out by such construction. *Valley Bank v. Malcolm*, 23 Ariz. 395, 204 P. 207 (1922). We hold that A.R.S. § 42–152 A, while couched in obligatory language, does not require a dismissal of the action for its violation. The trial court erroneously entered its order of dismissal.

■ We are aware of the rule that ambiguous tax statutes should be liberally construed in favor of the taxpayer and strictly construed against the state. *Corporation Commission v. Equitable Life Assur. Soc. of United States*, 73 Ariz. 171, 239 P.2d 360 (1951); *Arizona Tax Commission v. Dairy & Consumers Coop. Ass'n.*, 70 Ariz. 7, 215 P.2d 235 (1950). However, we consider that the undesirable consequences of a dismissal is the controlling factor in interpreting the legislative intent.

■ Southern Union argues at length that it is the duty of the party bringing the tax appeal to have the case set for trial within ninety days. Admittedly, it is the responsibility of an appealing party to expeditiously prosecute the appeal to effect, and, admittedly, dismissal is a proper remedy for failure to so prosecute. *Arizona Rules of Civil Procedure*, 16 A.R.S., Rule 41(b); *Cooper v. Odom*, 6 Ariz.App. 466, 433 P.2d 646 (1967). Litigation should be disposed of on its merits. Unless such an unreasonable period of time has elapsed that it can be concluded that a party has abandoned his case or that he has failed to comply with the Rules of Civil Procedure or an order of the court, Rule 41(b), supra, a dismissal should not be ordered. But a violation of this ninety-day provision, without more, such as a showing that the opposing party has suffered substantial detriment, is not sufficient.

We think, moreover, that it is not solely the responsibility of appellant to cause the appeal to be set for trial within ninety days. The duty of the court is to carry out the

mandate of the Legislature. Analogous is former Art. 6, § 15 of the Arizona Constitution, which placed the duty on the Superior Court to decide cases within sixty days from their submission to the trial judge. It was held this constitutional provision was directory and that dismissal was not required if the judge failed to decide the case within the time specified. *See Cahn v. Schmitz*, 56 Ariz. 469, 108 P.2d 1006 (1941), and *Williams v. Williams*, 29 Ariz. 538, 243 P. 402 (1926). Manifestly, it could hardly be argued that the Superior Court was relieved of the responsibility to rule if counsel did not call the sixty-day period to his attention. A.R.S. § 42–152 A, when reasonably construed means that the Superior Court has the responsibility to set up internal procedures by which the legislative mandate can be carried out.

This cause would be remanded without further discussion except that the Department of Revenue has urged that § 42–152 A has no application to this case in that the litigation is not subject to the priority provision. It is argued that this action is not only a tax appeal, but also a complaint under A.R.S. § 42–123 B(1) and that § 42–152 A only applies to tax appeals brought under A.R.S. § 42–123 B(6).[3] It is also argued that since the claims under § 42–123

B(1) are not entitled to a preference, the entire action loses its preferential status.

We do not agree with appellant's conclusion. The Legislature has provided a specific method for tax appeals for the Department of Revenue. The Department is given the power to appeal a decision of the State Board of Tax Appeals to the Superior Court only by A.R.S. § 42–123 B(6). This statute specifies that such tax appeals are to be governed by the provisions of A.R.S. §§ 42–151 and 42–152. The Department is given the power to file complaints in certain matters by A.R.S. § 42–123 B(1). Such complaints are not governed by §§ 42–151 and 42–152. Since it is clear that only § 42–123 B(6) specifically grants the Department the right to contest a valuation set by the State Board of Tax Appeals in the Superior Court and a tax appeal brought pursuant to §§ 42–151 and 42–152 can only raise the issues of the correct classification of property and its full cash value, other matters may not be joined in order to defeat the time element required by the legislature. We conclude the ninety-day provision found in § 42–152 A was applicable to this appeal. The count in appellant's notice of appeal and complaint brought pursuant to § 42–123 B(6) questioning the valuation for tax purposes of the

---

3. The pertinent sections of A.R.S. § 42–123 B provide:

"B. The department may:

1. Examine into all alleged violations of the provisions of this title relating to the valuation of property and the assessment and collection of taxes and request the attorney general or the county attorney in their respective counties to commence and prosecute actions and proceedings or to represent counties to commence and prosecute actions and proceedings or to represent the department in litigation to enforce the laws relating to taxation and orders, or the rules and regulations of the department. When in the opinion of the director and in the opinion of the attorney general or the county attorney of the county in which the public official serves, a public official, who performs valuing, taxing or equalizing functions, is guilty of official misconduct or neglect of duty, the director shall take whatever steps are necessary to insure that complaints are filed and prosecutions commenced against such officials for their removal from office. A com-

plaint by the director charging official misconduct or neglect of duty of a public officer shall be delivered to the county attorney or to the attorney general who shall file the original with the superior court in the county in which the public official serves and cause a copy thereof to be served upon such public official. Proceedings upon such complaints shall be in accordance with the provisions of subsections B and C of § 38–342 and §§ 38–343 and 38–345.

\* \* \* \* \* \*

6. Contest any proposed valuation or classification or any proposed change in valuations or classifications before any county board of equalization or before the state board of tax appeals. If any decision of any county board of equalization or of the state board of tax appeals is, in the opinion of the director, erroneous, the director may appeal such decision to the superior court in the manner provided in § 42–151, on or before the final date a taxpayer may file an appeal from the valuation or classification of his property."

Southern Union Gas Company's property should be separately tried.

Reversed

CAMERON, C. J., and HAYS, HOLO-HAN and GORDON, JJ., concur.