OPINION
HATHAWAY, Judge.
Plaintiff/appellant brought this special action in the superior court in Pima County against the Arizona Department of Revenue requesting an order that the defendant issue its certificate pursuant to A.R.S. § 43-1362 or, in the alternative, find that by reason of the failure of defendant to advise plaintiff of any tax due, plaintiff had waived all tax liability. A defense motion to dismiss was heard by the court and treated as a motion for summary judgment under the provisions of Rule 56, Rules of Civil Procedure, 16 A.R.S. Prior to hearing the motion, the parties stipulated to the facts. The court granted the defense motion, hence this appeal.
Two questions are presented for our consideration: (1) Is A.R.S. § 43-1362 a statute of limitations barring the department of revenue from collecting any tax due when the department fails to inform the requesting party of the amount of tax due? (2) Is A.C.R.R. R-15-2-304(B) properly promulgated? We answer the first question in the negative and the second in the affirmative.
On November 3, 1982, William C. Scott, attorney for the personal representative of the estate, sent a letter requesting an Arizona income tax certificate to the Arizona Department of Revenue. This certificate, pursuant to A.R.S. § 43-1361, assures the state that all taxes imposed by Title 43 upon the estate or the decedent which have become payable have been paid, and that all taxes which may become due are secured by bond, deposit or otherwise.
The decedent’s final income tax return for 1981 (form 140 NPR) failed to properly accelerate installment sale gains pursuant to A.R.S. § 43-1024(A). Fiduciary returns (forms 141) attached to the request for certificate indicate that installment sales were not accelerated.
The decedent had not filed Arizona nonresident returns for 1977, 1978, 1979 and 1980. The decedent had income from Arizona sources as indicated in the fiduciary returns and in the final return for 1981. An affidavit of the attorney for the estate attested that installment sale contracts were included in the fiduciary returns, but *452 he did not attest that installment sale contracts had been properly accelerated on the decedent’s final return. Further, he did not attest that the decedent failed to file Arizona income tax returns for 1977 through 1980 because of insufficient income. The Arizona Department of Revenue’s position is that it did not have a basis on which it could calculate the amount of income taxes due and payable or the amount of the appropriate security bond to cover taxes due.
In response to the appellant’s contention that A.R.S. § 43-1362 is a statute of limitations barring the department of revenue from collecting any tax due when the department fails to inform the requesting party of the amount of tax due, the department asserts that its duty is conditioned upon the performance of the fiduciary’s duties under A.R.S. § 43-304 and A.C.R.R. R-15-2-304. The department argues further that even if it was required to issue a certificate or statement of taxes due without sufficient information, its failure to do so does not serve to abate any taxes due. A.R.S. § 43-1362 provides:
“Within thirty days after receiving a request for a certificate, the department shall either issue the certificate or notify the person requesting the certificate of the amount of tax that shall be paid or the amount of bond, deposit or other security that shall be furnished as a condition of issuance of the certificate.”
Thus, the certificate provides that all income taxes imposed by Title 43 upon the estate of the decedent which have become payable have been paid and that those which may become due are secured. The department must have a factual basis for issuing the certificate. The obvious initial source for such information is the personal representative. Pursuant to A.R.S. § 43-304(A)(7), the personal representative is required to make an income tax return for the “decedent for the year of death and for prior years, if returns should have been but were not filed by the decedent.” The statute authorizes the promulgation of rules and regulations by the department for implementation of the statute. Moreover, under A.R.S. § 43-223, the department has broad authority to establish rules and regulations necessary for the administration and enforcement of Title 43. Accordingly, A.C.R.R. R-15-2-304, implementing A.R.S. § 43-304, was promulgated. The regulation specifies the duties of a fiduciary in relation to obtaining a certificate of payment of taxes. It provides:
“B. A certificate that all taxes due or to become due from the decedent or estate for whom a fiduciary acts have been paid or secured will not be issued unless the following requirements are complied with:
1. A return must be filed by or on behalf of the decedent and for the estate for each taxable year in which the respective incomes of the decedent or estate exceeded the requirements for filing returns.
* * * jjc * *
3. A statement under declaration of perjury must be made by the fiduciary on the request for certificate, regarding the status of returns filed by or on behalf of the decedent or for the estate for the four taxable years immediately preceding the date a certificate is requested. The statement required should indicate the years for which returns were filed or indicate the years for which the gross and net incomes were less than the amount necessary to require the filing of returns. If additional information is required, a supplemental statement will be requested.”
Plaintiff did not comply with the regulation and argues that it is void as going beyond what is necessary to carry out A.R.S. § 43-304. However, the regulation appropriately implements the statutory mandate of § 43-304. The regulation requiring that the fiduciary state that it was unnecessary for returns to be filed where none were filed is reasonable. It is a method for affirmatively determining when an estate has Arizona income-producing sources and that no return has been filed.
*453 It is undisputed that the decedent’s final return for 1981 did not accelerate installment sale gains derived from Arizona sources and the fiduciary did not submit an affidavit attesting that Arizona income tax returns were unnecessary because of insufficient income in 1977-1980.
When a taxpayer who holds an installment receivable dies, the balance of the gain on that installment receivable is accelerated and recognized as of the date of death. A.R.S. § 43-1024(A). Thus, it is undisputed that the decedent’s final return for 1981 did not comply with this provision. Taxable income of every non-resident which is derived from sources within Arizona is subject to state taxation. A.R.S. § 43-1011.
We agree with the department’s position that it cannot be compelled to issue a certificate of payment of income tax due until the fiduciary fulfills his duties under A.R.S. § 43-304 to file correct returns when required or to attest that returns are not required. The decedent’s final return for 1981 did not correctly accelerate installment sale gains and there was no attestation that returns were not required for 1977-1980 because of insufficient income. A.R.S. § 43-1362 is a directory to the department operating under the assumption that the fiduciary has compled with the exception discussed.
The relevant statute of limitations is A.R.S. § 43-534 which provides that no tax deficiency shall be assessed or collected unless notice of the deficiency is mailed within four years from the date the return was filed. The legislature must expressly declare that a statute of limitations bars an action before it can be given effect. City of Bisbee v. Cochise County, 52 Ariz. 1, 78 P.2d 982 (1938). The use of the term “shall” in A.R.S. § 43-1362 does not render it mandatory. See Department of Revenue v. Southern Union Gas Company, 119 Ariz. 512, 582 P.2d 158 (1978). The legislature is perfectly capable of expressing a statutory bar when it so intends and we will not read such a result into a statute absent a clear expression. Department of Revenue v. Southern Union Gas Co., supra. Additionally, when A.R.S. § 43-1363 and § 43-1364 are read together, it appears that the issuance of the certificate sought does not relieve the fiduciary of the liability imposed by § 43-1364. Under that section, a fiduciary is personally liable to the state for unpaid taxes, interest and, in some instances, penalties imposed by Title 43. Cf. State Tax Commission of Arizona v. Television Services, Inc., 108 Ariz. 236, 495 P.2d 466 (1972).
The judgment is affirmed.
BIRDSALL, C.J., and HOWARD, J., concur.