[Civil No. 1977.   Filed May 6, 1922.]

[206 Pac. 587.]

# YUMA COUNTY, Appellant, v. FIDELITY TITLE GUARANTY COMPANY, Appellee.

1. DISTRICT AND PROSECUTING ATTORNEYS—FORMER COUNTY ATTORNEYS CAN RECOVER NO MORE THAN SALARIES FOR PROSECUTING BOUNDARY LINE SUIT.—Under Civil Code of 1913, paragraph 2437, prohibiting payment from the county treasury of demands arising from contracts in which any county officer was personally interested while in office, except for official compensation, a former county attorney and his deputy cannot recover fees in addition to their salaries for services rendered the county in prosecuting a boundary line suit, the salaries of public officers, under paragraph 3244, being their exclusive remuneration for all services.

2. DISTRICT AND PROSECUTING ATTORNEYS — COUNTY ATTORNEY AND DEPUTY, SUING FOR SERVICES UNDER AN EXPRESS CONTRACT DURING INCUMBENCY, HELD NOT ENTITLED TO RECOVER FOR SERVICES RENDERED AFTER EXPIRATION OF TERM AS ON AN IMPLIED CONTRACT.—A former county attorney and his deputy, suing on a demand for services rendered the county in prosecuting a suit under an express contract during their incumbency, and for which they could not recover, were not entitled to an allowance, as on an implied contract, for the reasonable value of services rendered after expiration of their terms for which no demand was presented as provided in Civil Code of 1913, paragraph 2434, since their cause of action, if maintainable at all, must be based on the demand presented, and they could not allege one cause of action and recover on another.

3. JUDGMENT—PLAINTIFF CANNOT ALLEGE ONE CAUSE OF ACTION AND RECOVER ON ANOTHER.—Plaintiff cannot allege one cause of action and recover on another.

APPEAL from a judgment of the Superior Court of the County of Yuma.   Samuel L. Pattee, Judge. Judgment reversed and cause remanded, with directions that the action be dismissed.

Mr. Will E. Ryan and Mr. H. Wupperman, for Appellant.

Mr. Clement H. Coleman and Mr. Thos. D. Molloy, for Appellee.

ROSS, C. J.—Clement H. Coleman and Thomas D. Molloy, practicing attorneys at law, in the courts of this state, assigned to the plaintiff, Fidelity Title Guaranty Company, an account of theirs, for professional services against defendant, Yuma county. The plaintiff alleges the cause of action, omitting immaterial parts of the complaint, as follows:

"(3) That on or about February 1, 1915, the defendant county became involved in a dispute with Maricopa county, . . . concerning the true location of the boundary line between said counties, and the board of supervisors of the defendant county, by resolution duly entered on its minutes, retained, hired, and employed the said Coleman and the said Molloy, as attorneys at law, to look after and attend to the interests of the defendant county in said dispute, and to prosecute a certain action in the Supreme Court of the state of Arizona, wherein the defendant county was plaintiff and the said Maricopa county was defendant, the purpose of said action being to establish, or to have re-established, the true boundary line between said counties. . . .

"(4) That the said Coleman and the said Molloy accepted said retainer, hire and employment, and entered upon the prosecution of said action on or about February 1, 1915, and continued to prosecute the same, as such attorneys, and to look after and attend to the interests of the defendant county in said dispute, until December 23, 1918, when the defendant county finally prevailed in said action. . . ."

It is then alleged that the reasonable value of the services performed by Coleman and Molloy was the sum of $25,000; that on February 3, 1919, the said attorneys presented to the board of supervisors of the defendant county a duly verified and itemized statement of account, showing the reasonable value of their services to be $25,000; that thereafter, on July 1, 1919, the board of supervisors passed upon the claim and demand, and allowed thereof the sum of $3,500, and disallowed the balance; that subsequent

thereto said Coleman and Molloy sold, assigned, and transferred said account to the plaintiff.

The answer of the defendant county consists: First, of a general demurrer; second, the statement that Coleman and Molloy during the years 1915 and 1916 were respectively county attorney and deputy county attorney of defendant county and entitled to no other compensation than the salaries provided by law for such officers; and, third, that the payment of $3,500 to Coleman and Molloy was made to them and accepted as full settlement for all services they had rendered said county. The demurrer to the complaint was overruled.

The case was tried before the court without a jury, and plaintiff was given judgment against the defendant county in the sum of $11,500, with interest at six per cent from the commencement of the action. The defendant county appeals from this judgment, and assigns a great number of errors, but from the view we take it is not necessary to consider but one question, and that is as to whether the plaintiff is entitled to recover anything upon the cause of action set forth in its complaint. The contract of employment was dated, according to the allegations of the complaint, or at least according to all fair inferences to be drawn therefrom, during the year 1915. It is stated the assignors began to discharge their part of the contract on or about February 1, 1915, and it is naturally inferable that the record contract described was of that date or earlier.

The pleadings and the evidence present the question, directly to the court, as to whether the contract alleged was under the law enforceable or contrary to public policy and unenforceable. We think but one conclusion is deducible from the facts stated. The law-making department of this state has declared the general public policy in that regard in paragraph

2437 of the Civil Code of 1913, which reads as follows:

"No demand on the county treasury wherein any county officer shall be personally interested, or arising out of any contract wherein any county officer shall at any time while in office have been a party or otherwise personally interested, shall be approved, allowed or paid, but every such contract, claim or demand is hereby declared null and void, except for official compensation of the persons in whose name it is presented."

Surely the contract relied upon violates the spirit of the law, if not the letter, when the officer is forbidden the right to present a claim or demand for his services rendered thereunder, to the county. It may be true that the law nowhere imposes, in express language, the duty upon the legal advisers of Yuma county to institute and prosecute boundary line suits, but that does not justify or entitle them, after voluntarily doing it, in making a demand for compensation. The law makes the salary provided the exclusive remuneration for all services rendered by public officers. The statute expresses it in this way:

"The salaries provided in this chapter shall be in full compensation for all services of every kind and description rendered by the officers named in this chapter, either as officers, *ex-officio* officers, deputies, or assistants." Paragraph 3244, Civ. Code.

In 11 Cyc. 498, the general rule is stated to be:

"One who asks payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority of law. No claims are chargeable on a county treasury, or can be paid therefrom, except such as the law imposes on the county, or empowers it to contract for, either expressly or as a necessary incident, and no officer of the county can charge it with the payment of other claims, however meritorious the consideration, or whatever may be the benefit the

county may derive from them. . . . '' *Anderson* v. *Board,* 44 Okl. 164, 143 Pac. 1145.

The plaintiff takes the position that, even though it may not be entitled to anything for the services rendered by its assignors during the time they were officials of the defendant county, to wit, the years 1915 and 1916, still, since they were not officers of the defendant during the years 1917 and 1918, it contends it should be allowed the reasonable value of their services during the latter two years, on the theory that the county, having accepted their services, ought, in good conscience, to remunerate them. Indeed that is the view the lower court took. The trouble with the position is that no legal demand, as provided in paragraph 2434 of the Civil Code, was ever presented to the board of supervisors of the defendant county for services rendered during the years 1917 and 1918 as upon an implied contract. The only demand presented to the board of supervisors was one growing out of an express contract dated in 1915, and the plaintiff's cause of action, as set forth in its complaint, if maintainable at all, must be based upon the demand presented to the board of supervisors, as likewise upon the breach of the contract set forth therein. In other words, plaintiff cannot allege one cause of action and recover upon another and different cause of action. As was said by this court in *Sonora B. & T. Co.* v. *Compania Agricola,* 21 Ariz. 77, 185 Pac. 638:

"It is a primary and fundamental rule in the Code system of pleading, as well as at common law, that the judgment shall be '*secundum allegata et probata.*' 9 Cyc. 748. 'Any . . . departure from this rule is sure to produce surprise, confusion, and injustice.' *Day* v. *Town of New Lots,* 107 N. Y. 148, 13 N. E. 915. A litigant cannot proceed upon one cause of action in his complaint and recover upon another distinct cause of action. This would be to ensnare his adversary. *Southwick* v. *Bank,* 84 N. Y. 420.''

For the reasons expressed, we conclude that the judgment of the lower court was erroneous. It is accordingly reversed, and the cause remanded, with directions that the action be dismissed.

McALISTER and FLANIGAN, JJ., concur.