[Civil No. 3810.   Filed March 29, 1937.]

[66 Pac. (2d) 258.]

MARICOPA COUNTY, a Body Politic and Corporate, Appellant, v. WALTER NORRIS, as Adult Probation Officer of Maricopa County, Arizona, Appellee.

Mr. Harry Johnson, County Attorney, and Mr. E. G. Frazier, Deputy County Attorney, for Appellant.

Mr. Lynn M. Laney and Mr. Grant Laney, for Appellee.

ROSS, J.—This is an appeal by Maricopa county from a judgment in favor of Walter Norris, adult probation officer of the superior court in and for said county, for his expenses in going to St. Louis, Missouri, and bringing back to Phoenix one William Vogel, a probationer who had breached the conditions of his probation by leaving Arizona without permission. His authority to make the trip was a bench warrant issued for the arrest of Vogel by the clerk of the said superior court and a parol direction of a judge of said court to go to St. Louis and get Vogel. The trip was made in appellee's automobile, for which he charged the county 7 cents per mile traveled and the actual cost of his and an assistant's meals and lodging, or the sum of $288.70.

The appellee presented his claim to the judge of said court, who approved it before it was filed with the board of supervisors. The board allowed appellee's expenses for the trip within the territorial limits of the state, in the sum of $33.07, and disallowed the balance of $255.63 incurred outside of or beyond the boundaries of Arizona. The judgment was for the last-named sum.

The question is whether the county is liable for such expenses. That depends upon whether the legislature has authorized their incurrence and provided for their payment. The provisions of the statutes relied upon by appellee as authorizing him to make the trip at the

expense of the county are found in section 5105, Revised Code of 1928, reading as follows:

"At any time during the probationary term of the person released on probation, any probation officer may, without warrant or other process, at any time until the final disposition of the case, re-arrest any person so placed in his care and bring him before the court, or the court may, in its discretion, issue a warrant for the re-arrest of any such person and may thereupon revoke and terminate such probation,"

and amended section 5107, Revised Code Supplement of 1936, reading:

"The salary of the adult probation officer, and of each deputy or assistant, shall be fixed by the judge making the appointment, but shall in no instance exceed two hundred dollars per month. The actual expenses of any such officer, deputy or assistant, incurred in the performance of his duty or in the execution of the orders of the court shall, when approved by the judge or judges of the criminal division of the superior court, be paid as other county charges,"

and those portions of amended section 5108, Revised Code Supplement of 1936, reading:

"The adult probation officer . . . shall exercise general supervision and observation over persons under suspended sentence, subject to the will and direction of the court. He shall serve warrants, make arrests and bring persons before the court, in matters of suspended sentence, and shall be at all times under the jurisdiction of the court. . . . He shall keep informed regarding the conduct of every person placed under suspended sentence by the court and report the same to the court, and shall bring any defaulting probationer into court, when in his judgment the conduct of such probationer is such as to justify the court in revoking the suspension of said sentence."

These provisions are ample authority to the probation officer to supervise the probationer as long as the latter is within the state and, for the performance of

any of the duties imposed upon him in the supervision or apprehension of the probationer within his jurisdiction, the probation officer is entitled to his actual expenses, including those of a deputy or assistant. We say "within the state" because it is obvious the legislature of Arizona has no power to extend the jurisdiction of its courts or their processes beyond the state's boundaries. The laws of the state and officers in their enforcement are confined to the state. A fugitive from justice as soon as he enters another state is beyond the supervision of the officers and the courts of the state from which he has fled, and thereafter it is not possible for the probation officer legally to apprehend him or to superintend his conduct.

This court, in *Yavapai County* v. *O'Neill,* 3 Ariz. 363, 368, 29 Pac. 430, 433, held that the law conferred upon the sheriff the power to execute a warrant of arrest "anywhere within the territory; but of course," we said, "the warrant would have no extraterritorial vitality." Continuing, we said:

"A warrant of arrest issued out of any court in this territory cannot be executed, in a legal sense, outside of the territory. Whatever was done in Utah in the way of pursuit and capture was not there done, and could not there be done, in the execution of the writ, for there the writ was not a writ. It is our conclusion, then, that no fee can be, under the statute, charged for travel beyond the territory, in the execution of a warrant of arrest; and to the extent that such fees were allowed, the judgment of the lower court is erroneous."

The bench warrant for the arrest of Vogel in the hands of appellee after he got out of Arizona was nothing more than a piece of paper. He could execute it in Arizona but not in Missouri nor any point between the boundary of this state and St. Louis. We have no law making it the duty of the probation officer to go out of the state and halfway across the continent

to get a fugitive on the order of a judge of one of our courts.

The regular and legal way to secure the return to the state of a person charged with crime who has fled therefrom is through the executive authority of the state. When the Governor of this state determines that a fugitive from its justice should be returned, he appoints an agent to demand of the executive authority of the state where the fugitive is, his return and if this requisition is honored an executive warrant is given such agent, which is his authority to remove the fugitive. (Section 5302, Rev. Code 1928.) In such case, it is provided in section 5303, Id.:

" . . . the accounts of the persons employed by him for that purpose shall be paid by the county in which the offense was committed, upon presentation of the account to the board of supervisors; and should the board of supervisors neglect to pay such claim within thirty days after the presentation thereof the superior court may, upon petition filed in such court, order the payment of such claim. No compensation, fee, or reward shall be paid to or received by a public officer of this state, or other person, for a service rendered in procuring from the governor such demand, or the surrender of the fugitive, or for conveying him to this state, or detaining him therein, except as herein provided, and any person receiving or accepting such compensation, fee, or reward in violation hereof, is guilty of a misdemeanor."

Thus it is seen the legislature has provided for the return of fugitives from justice and the payment of the accounts of the agent appointed by the Governor to effect their return. The legislature has not provided a way for the payment of expenses of persons or officers who return fugitives on bench warrants or on verbal orders of a judge of a court of the state.

██ Appellee seems to think that, since he accomplished the same result as would have been accom-

plished through requisition and extradition, he should be paid his expenses. The court cannot give consent to such a rule because when the legislature has provided a method of doing a thing and how it shall be done and paid for, that is exclusive.

There is no liability on the county except it be statutory. The board of supervisors as the financial agent of the county cannot allow a claim of an officer or agent of the county for expenses, however beneficial or honestly incurred, if the legislature has not made provision for their payment. This rule was plainly and definitely settled in *Austin* v. *Barrett,* 41 Ariz. 138, 16 Pac. (2d) 12, 13, wherein the court said:

"The first and principal rule to be followed, in determining whether a claim against a county is legal, is that the person making the claim must show some statute affirmatively authorizing it, either directly or by reasonable implication. *County of Santa Cruz* v. *Barnes,* 9 Ariz. 42, 76 Pac. 621. And the right of an officer to demand expenses incurred by him in the performance of his official duty is no exception to the rule. *Mackenzie* v. *Douglas County,* 81 Or. 442, 159 Pac. 625, 1033; *Parsons* v. *Waukesha County,* 83 Wis. 288, 53 N. W. 507. All other considerations are subordinate to these."

The judgment of the lower court is reversed and the cause remanded, with directions that the complaint be dismissed.

McALISTER, C. J., and LOCKWOOD, J., concur.