596 P.2d 380

**AMERICAN CREDIT BUREAU, an Arizona Corporation, Doctors Business Bureau, an Arizona Corporation, Lusk Collection Agency, Inc., an Arizona Corporation, and each and every person, partnership, unincorporated association and corporation similarly situated, Plaintiffs/Appellees,**

v.

**PIMA COUNTY, Arizona, a body politic, E. S. "Bud" Walker, in his capacity as Chairman of the Pima County Board of Supervisors, Members of the Pima County Board of Supervisors, Sheriff of Pima County, Arizona, Constable of Tucson Justice Court, Precinct One, Constable of Tucson Justice Court, Precinct Two, Constable of Tucson Justice Court, Precinct Three, Constable of Tucson Justice Court, Precinct Four, and Constable of Tucson Justice Court, Precinct Five, Defendants/Appellants.**

No. 2 CA–CIV 3069.

Court of Appeals of Arizona,
Division 2.

March 30, 1979.

Rehearing Denied May 9, 1979.

Review Denied May 30, 1979.

Schorr, Leonard & Felker, P.C. by John F. Battaile III and Rochelle E. Abell, Tucson, for plaintiffs/appellees.

Stephen D. Neely, Pima County Atty. by John R. Neubauer and G. Lawrence Schubart, Deputy County Attys., Tucson, for defendants/appellants.

## OPINION

HATHAWAY, Judge.

On July 7, 1971, appellees, three collection agencies, brought this class action. They sought a declaration that A.R.S. § 11–445 does not allow the sheriff or constables to charge mileage fees in unsuccessful attempts to serve civil process,[1] an injunction permanently restraining and enjoining appellants from making such charges, attorney's fees and an accounting for and refund of fees thus levied and collected.

Partial summary judgment was entered on April 3, 1975, interpreting A.R.S. § 11–445 to preclude the sheriff and constables from charging mileage fees unless service of process was completed. The court found "no just reason for delay in entry of judgment" on the question of liability alone and expressly directed that judgment be entered forthwith. No appeal was taken from the partial summary judgment. Thereafter the sheriff's civil division and the constables refrained from charging fees for unsuccessful attempts to serve process.

1. A.R.S. § 11–445 was amended, effective September 23, 1976, to allow mileage fees where service of process was attempted.

On April 17, 1978, judgment was entered against appellants on the accounting and refund in the amount of $31,235.03. The judgment states: "[F]inal judgment was entered against all defendants on April 3, 1975 on the issue of liability."

Appellants moved to vacate the judgment, contending that the court lacked subject matter jurisdiction because appellees had not filed a claim with the county pursuant to A.R.S. §§ 11–621 to 644 before bringing suit. The motion was denied. Appellant's first contention on appeal is that the superior court lacked jurisdiction. We agree.

■ The Arizona county claims statute in effect at the time appellees' claim allegedly accrued, provided:

"No payment shall be made from, the treasury of the county except upon demand duly presented and allowed, but compensation due to jurors and witnesses and official salaries shall be paid without presentation of a claim." A.R.S. § 11–621.

Subsequent amendments to the county claims statutes have no bearing on the rule that compliance with the county claims statutes is a condition precedent to the maintenance of an action against a county. *Yavapai County v. O'Neill*, 3 Ariz. 363, 29 P. 430 (1892). The county claims statutes and their purposes are discussed in *Norcor of America v. Southern Arizona International Livestock Assoc.*, 122 Ariz. 542, 596 P.2d 377 (1979) and the claims that need not be presented are enumerated. Appellees' claims do not fall within any of the exceptions.

■ Where claims limitations statutes apply, the trial court is without subject matter jurisdiction, *State v. Miser*, 50 Ariz. 244, 72 P.2d 408 (1937). Compliance with the statutory procedure cannot be waived:

"The board of supervisors had, in the premises, only such powers as were expressly conferred upon them, and those necessarily implied from those expressed. It not only had not [sic] power conferred upon it to waive this condition, but that power was distinctly withheld . . .."

*Yavapai County v. O'Neill,* supra, 3 Ariz. at 375–376, 29 P. at 483.

■ Appellees concede it is unclear whether a claim was filed with the Pima County Board of Supervisors. A claimant must allege compliance with the statutory claims procedure, "before his complaint states a cause of action or sets up facts conferring jurisdiction of the subject-matter on the court." *State v. Miser,* supra, 50 Ariz. at 258, 72 P.2d at 414. Accord, *Hutchins v. Frohmiller,* 55 Ariz. 522, 103 P.2d 956 (1940). See also, *Arizona Board of Regents v. Arizona York Refrigeration Company,* 115 Ariz. 338, 565 P.2d 518 (1977). Because appellees failed to satisfy the jurisdictional prerequisite, the superior court lacked jurisdiction of the subject matter. Accordingly, the judgment was void on its face. *Hershey v. Banta,* 55 Ariz. 93, 99 P.2d 81 (1940).

■ A judgment that is void on its face may be attacked at any time. *Cooper v. Commonwealth Title of Arizona,* 15 Ariz. App. 560, 564, 498 P.2d 1262 (1971). Therefore, the 1974 partial summary judgment, from which no appeal was taken, is not conclusive. Appellee's reliance on *Carnahan v. Carnahan,* 79 Ariz. 371, 290 P.2d 729 (1955), is misplaced. There, a divorce decree was attacked eight years after its entry because of absence of an allegation that the plaintiff satisfied residence requirements. The movant had stipulated that plaintiff had in fact fulfilled residence requirements. The record was silent or incomplete as to this jurisdictional fact. The court observed:

"The distinction to be made is between a record on the face of which lack of jurisdiction is apparent and one which is silent or incomplete as to some jurisdictional fact. In the latter instance the mere absence from the record of necessary jurisdictional facts will not overcome the presumption of jurisdiction. Freeman on Judgments, 5th ed. vol. 1, § 383." 79 Ariz. at 375, 290 P.2d at 731.

Here, because the entire record before us demonstrates the lack of jurisdiction, the presumption of jurisdiction fails.

**548**

Appellees contend that because their claim is equitable in nature and does not arise from a contractual obligation, it is not a claim within A.R.S. §§ 11–621 to 644. *Yavapai County v. O'Neill,* supra, rejects this argument:

> "Construing these several statutory provisions together, we think it is a fair inference that the legislature intended that the presentation of every claim against the county to the board of supervisors for its action should be a condition precedent to the maintenance by the claimant of an action thereon . . . ." 3 Ariz. at 375, 29 P. at 432.

Accord: *Maricopa County v. Norris,* 49 Ariz. 323, 66 P.2d 258 (1937).

> "There is no liability on the county except it be statutory. The board of supervisors as the financial agent of the county cannot allow a claim . . . however beneficial or honestly incurred, if the legislature has not made provision for their payment." 49 Ariz. at 328, 66 P.2d at 260.

In *Yuma County v. Fidelity Title Guaranty Co.,* 24 Ariz. 33, 206 P. 587 (1922), the court recognizes that a claim may be submitted on an implied contract.

The trial court erred in denying appellant's motion to vacate the judgment. We therefore reverse with directions to enter judgment in favor of appellant.

RICHMOND, C. J., and HOWARD, J., concur.