694 P.2d 836

**David F. AMES and Sandy Ames, his wife, Plaintiffs-Appellees,**

v.

**STATE of Arizona and The Arizona Department of Transportation, Defendants-Appellants.**

**No. 1 CA–CIV 6649.**

Court of Appeals of Arizona, Division 1, Department A.

Jan. 17, 1985.

Weyl, Guyer, MacBan & Olson by Barry A. MacBan, Thomas G. Bakker and A. Craig Blakey, II, Phoenix, for plaintiffs-appellees.

Robert K. Corbin, Atty. Gen. by Mark N. Weingart and A. Glenn Reesing, Asst. Attys. Gen., Phoenix, for defendants-appellants.

## OPINION

HAIRE, Presiding Judge.

The central issue raised on appeal is whether, under the circumstances of this case, the filing of a notice of claim letter with the Governor, the Attorney General and the Arizona Corporation Commission, satisfied the provisions of A.R.S. § 12–821 which require a person having a claim against the State to give notice of such claim to the State before commencing an action against the State. We hold that the State of Arizona (State) received sufficient notice and therefore affirm the trial court's decision.

On October 1, 1979, David F. Ames (Ames) was injured in an automobile collision with a train at a railroad crossing near 22nd Avenue and McDowell Road in Phoenix. Before Ames filed a complaint against the State, he sent a notice of claim pursuant to A.R.S. § 12–821 to the Arizona Corporation Commission, the Governor and the Attorney General of the State of Arizona. The Commission was notified because of its statutory responsibility, delineated in A.R.S. § 40–337, to approve and prescribe the character of railroad crossings over public highways. The notice of claim sent by Ames was not acknowledged by any of the three offices to which it was sent. However, Risk Management Services of the Department of Administration of the State of Arizona did acknowledge to Ames

that it had received a forwarded copy of the notice.

Ames subsequently filed suit in September of 1980 against the State and the Arizona Corporation Commission, among others, alleging negligent failure to properly inspect, supervise and insure proper maintenance and operation of the warning signal.

During the course of discovery Ames learned that the 22nd Avenue and McDowell railroad crossing signal was a one-of-a-kind experimental device. Further inquiry revealed that the Arizona Department of Transportation (ADOT) participated in the design, construction and maintenance of this particular experimental crossing device. This was the only crossing signal in the state with which ADOT had any connection.

In January of 1982 Ames filed an amended complaint adding ADOT as a defendant and alleging the negligent design, construction and maintenance of the railroad traffic control device. Ames never sent ADOT a notice of claim nor did his amended complaint allege that such notice was given to ADOT.

Prior to submission to the jury, the trial court granted a directed verdict in favor of the Arizona Corporation Commission. Thereafter, the jury returned a verdict against ADOT and the State and judgment was entered accordingly.

No issue has been raised on appeal by the State and ADOT attacking the sufficiency of the evidence to support the jury's findings. The State's central contention is that Ames' failure to file the required notice of claim with ADOT and his failure to allege the same in his amended complaint, invalidated any claim which he might have had against the State. This argument was raised by the State at trial by way of a motion to dismiss, motion for directed verdict, motion for new trial and motion for judgment notwithstanding the verdict.

The trial court rejected each of these motions.

The applicable statute authorizing claims against the State, A.R.S. § 12–821 [1] reads as follows:

"Persons having claims ... for negligence against the state, which have been disallowed, may on the terms and conditions set forth in this article, bring action thereon against the state and prosecute the action to final judgment."

In *State v. Brooks*, 23 Ariz.App. 463, 534 P.2d 271 (1975), the Arizona Court of Appeals remarked that:

"[T]he reason for adoption of 'claims statutes' is threefold: (1) to afford an opportunity to the agency to investigate the merits of the claim and seasonably assess its potential for liability, (2) to afford the opportunity to arrive at a settlement of the controversy and thus avoid the litigation between the state and its citizens, and (3) to establish an orderly procedure by which the legislature will be advised of claims in instances where no provision has been made for payment. [Citations omitted]." 23 Ariz.App. at 466, 534 P.2d at 274.

■ The State argues that the failure of Ames to send a notice of claim to ADOT prior to adding ADOT as a party, deprived the State of an opportunity to investigate the merits of Ames' case against ADOT. The State points out that the amended complaint contained the first formal mention of ADOT in connection with the suit. In addition, the amended complaint contained allegations concerning negligent design and construction which had not been raised in the original complaint. It is urged that these new allegations significantly changed the issues of the case.

The State contends that the amended complaint in fact constituted an entirely new claim against the previously unidentified state agency. As such, according to the State, A.R.S. § 12–821 required that a

---

1. We note that A.R.S. § 12–821 was extensively amended by the legislature in 1984. Laws 1984, Ch. 285, § 5. The prior statute governs the disposition of this appeal, and does not contain any provisions expressly dealing with the question of to whom notice must be given or the manner of giving notice.

notice of claim be filed with ADOT and that ADOT be given a chance to investigate and grant or disallow the claim, prior to the prosecution of this action. The State cites dicta in *Brooks* to support this contention. "In our opinion, the procedure to be followed is to file the claim with the state agency whose action or non-action gave rise to the liability creating event . . . ." 23 Ariz.App. at 467, 534 P.2d at 275. While it may be good practice to give notice to the particular agency involved in the dispute, the above-cited comment in *Brooks* is dicta and as such does not carry the force of law. *See Hernandez v. Yuma County*, 91 Ariz. 35, 369 P.2d 271 (1962).

We note that the State has raised no issue concerning the sufficiency of the information contained in the notice which Ames had previously sent to the Governor, the Attorney General and to the Arizona Corporation Commission. A notice of claim "must contain enough information to allow the State . . . [to] conscientiously allow or disallow the claim." *Brooks*, 23 Ariz.App. at 466, 534 P.2d at 274. Assuming, as we must, that the substance of the claim was sufficient, it is our opinion that the State had ample notice and time to investigate the accident and determine its best course of action in dealing with Ames' claim after the receipt of Ames' notice of claim.

There are several reasons for our conclusion. First, it is the State, and not an agency thereof, which is the real party in interest.[2] Ames provided a notice of claim to the chief executive officer of the State, the chief legal officer of the State, and to the agency nominally in charge of overseeing and insuring the safety of railroad crossings. At the time that the notice of claim was sent Ames did not know, nor could he reasonably have known of ADOT's significance in this action. Ames could not have been expected to have given ADOT a pre-filing notice of claim where

Ames was understandably unaware of ADOT's involvement with the crossing signal until after the suit had been filed and discovery was well underway.

■ Through the process of discovery Ames learned of ADOT's involvement in the experimental crossing device at 22nd Avenue and McDowell. Subsequently, Ames was granted leave to amend his complaint adding ADOT as a party, and including negligent design and installation as additional theories of recovery.[3]

The State argues that Ames should have sent a notice of claim to ADOT even though the case was already filed and the time for trial was approaching. We fail to see how such notice would have advanced the three previously mentioned purposes of A.R.S. § 12–821. First, the State received sufficient notice by reason of Ames' notice of claim, prior to the institution of suit. By the time Ames discovered the significance of ADOT's involvement with the particular railroad crossing in question, the suit was well underway, and the State most assuredly had investigated Ames' claim in earnest. The State cannot argue that it was unaware of its potential liability through ADOT's involvement. It was the State, in response to Ames' interrogatories, that first made mention of ADOT's close participation in the design and construction of the experimental railroad crossing. Second, Ames provided the State with all of the necessary information regarding the incident through the notice of claim, before filing suit.

It is clear that the State had sufficient opportunity to investigate the incident and determine the advisability of settling the claim. Similarly, it is clear that Ames' initial notice of claim properly fulfilled the function of advising the legislature of potential liability for which no provision had been made for payment. Under the cir-

---

**2.** We have not been advised of any statutory authority granting ADOT the power to sue or be sued in its own name.

**3.** Rule 15(a) of the Arizona Rules of Civil Procedure states that: "Leave to amend shall be freely given when justice requires." The trial court properly exercised its discretion by permitting Ames to amend his complaint to aver that the State was liable for negligent design of the crossing device.

cumstances, requiring Ames to file a second notice of claim, well after the suit had been instituted, would not further the purported goals of the notice of claim statute as defined in *Brooks*. We therefore decline to rule that such additional notice was necessary.

Since we have concluded that the filing of a notice of claim with ADOT was not required, it follows that plaintiffs' amended complaint was not defective because of its failure to allege the filing of such notice of claim with ADOT.

■ We note that the State in its reply brief has attempted to raise a new issue concerning Ames' failure to allege *in his original complaint* compliance with the notice requirements of A.R.S. § 12–821. The State did not make this argument in its trial court motions to dismiss, for directed verdict, or for judgment notwithstanding the verdict, nor was this issue argued in its opening brief on appeal. Rather, all of appellant's trial court arguments were focused upon Ames' failure to give notice to ADOT and his failure to allege in the amended complaint the giving of such notice to ADOT. It is well established that matters not presented to the trial court cannot be raised for the first time on appeal. An exception to this principle exists where the issue concerns the trial court's jurisdiction. Jurisdictional issues may be raised for the first time on appeal. *Bates & Springer of Arizona, Inc. v. Friermood*, 109 Ariz. 203, 507 P.2d 668 (1973); *Lee v. Lee*, 133 Ariz. 118, 649 P.2d 997 (App.1982).

■ The State urges that the failure of Ames to allege compliance with the notice requirements of § 12–821 constitutes a jurisdictional defect. This jurisdictional contention is based upon language in *State v. Miser*, 50 Ariz. 244, 72 P.2d 408 (1937). In *Miser*, the court stated that a claimant is required to allege compliance with the statute "before his complaint states a cause of action or sets up facts conferring jurisdiction of the subject-matter on the court, because these requirements are conditions that must be complied with before the right to sue the state comes into being." (Citation omitted). *Miser*, 50 Ariz. at 258, 72 P.2d. at 414. The State notes that *American Credit Bureau v. Pima County*, 122 Ariz. 545, 596 P.2d 380 (App.1979) contains similar language.

We find that this issue, belatedly raised by the State, is not jurisdictional in nature. *Miser* and *American Credit Bureau* are distinguishable because in both cases the claimant not only failed to allege, but in fact failed to give, any notice of claim to the relevant governmental body. The dispositive factor in both of the cited cases was the claimant's inability to prove that it gave notice, not its mere failure to allege the same. Unlike in *Miser* and *American Credit Bureau*, Ames did give notice to the State and presented proof of the giving of such notice in this case. We hold that the failure to allege in the original complaint that notice of claim was given, particularly when the giving of such notice had been proved at trial, is not a jurisdictional issue that can be raised for the first time on appeal so as to void a judgment entered after a trial on the merits.

The judgment entered by the trial court is affirmed.

BROOKS and GRANT, JJ., concur.