258 P.3d 141

Brenda SLAUGHTER and Ron Slaughter, a married couple, Plaintiffs/Appellants,

v.

MARICOPA COUNTY of Arizona, a body politic; State of Arizona, a body politic, Defendants/Appellees.

No. 1 CA–CV 10–0146.

Court of Appeals of Arizona, Division 1, Department A.

May 5, 2011.

Law Office of Joseph T. Stewart, P.L.L.C. By Joseph T. Stewart, Hubert E. Kelly, Phoenix, Attorneys for Plaintiffs/Appellants.

William Montgomery, Maricopa County Attorney By Mary C. Cronin, Senior General Counsel, Phoenix, Attorneys for Defendant/Appellee Maricopa County.

Thomas Horne, Arizona Attorney General By Rebecca J. Herbst, Assistant Attorney

General, Phoenix, Attorneys for Defendant/Appellee State of Arizona.

## OPINION

WINTHROP, Judge.

¶ 1 In this opinion, we address issues relating to service of notices of claim on governmental entities, and reject the contention that, on this record, service on Maricopa County constituted effective service on the State of Arizona. Accordingly, we affirm summary judgment in favor of the State. We also affirm the trial court's dismissal of the amended complaint against Maricopa County based upon plaintiffs' failure to prosecute such claim.

## FACTUAL AND PROCEDURAL HISTORY

■ ¶ 2 On March 7, 2005, Brenda Slaughter, a Maricopa County security guard who had worked at the Maricopa County Superior Court, the Northeast Justice Court, and East Tempe Justice Court, filed a complaint against Maricopa County in which she alleged that the County, as her employer, had discriminated against her on the basis of her sex and age and created a hostile work environment. In February 2006, the County moved for summary judgment on the basis that it was not Slaughter's employer and therefore was not responsible for any employment discrimination. It offered evidence that the State "judicial branch of government" employed Slaughter. Slaughter disputed that she was employed by the State, but argued that if she was a State employee, the County had acted as an agent for the State. In May 2006, the court ruled that a question of fact existed regarding whether the County acted as the State's agent with respect to Slaughter's employment and denied the motion for summary judgment.[1]

¶ 3 In January 2007, the court granted Slaughter's motion for leave to amend her complaint. Her first amended complaint named both the County and State as defendants and alleged claims for employment discrimination and intentional infliction of emotional distress.[2] The State moved to dismiss on the basis that Slaughter had failed to file a notice of claim as required by Arizona Revised Statutes ("A.R.S.") section 12–821.01(A) (2003). In December 2007, the court denied the motion because Slaughter had alleged in the first amended complaint that she timely filed a notice of claim on June 21, 2005. The court limited discovery to the issues of what entity employed Slaughter and whether she had timely filed a notice of claim with the State, whether she filed an administrative charge with the State, and whether her lawsuit against the State was timely filed. It ordered the parties to complete this discovery no later than July 31, 2008.

¶ 4 In April 2009, the State moved for summary judgment on the grounds that Slaughter had not produced any evidence that she had complied with § 12–821.01 by filing a notice of claim with the State. In the alternative, it asked the court to dismiss Slaughter's complaint under Rule 41(b) of the Arizona Rules of Civil Procedure because she had failed to prosecute her action. The County joined the motion to dismiss for failure to prosecute. The court determined Slaughter had not demonstrated a material question of fact regarding whether she had timely filed a notice of claim with the State and granted summary judgment for the State. It also granted the County's motion to dismiss, finding that Slaughter failed to prosecute her case. Slaughter timely appealed.

¶ 5 We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

---

1. Although Slaughter did not include any certified transcripts in the record on appeal, as required by the Arizona Rule of Civil Appellate Procedure 11(b)(1), she submitted a copy of the transcripts of oral arguments held on May 12, 2006, April 22, 2009, and October 6, 2009 to this Court as exhibits to her opening brief. Neither the State nor the County objected. We therefore consider these transcripts as part of the record on appeal.

2. The first amended complaint also included the claim of Slaughter's husband, Ronald Slaughter, for loss of consortium.

## DISCUSSION

¶ 6 Slaughter argues that the superior court erred in granting the State's motion for summary judgment and Maricopa County's motion to dismiss for lack of prosecution.

### A. Summary Judgment

■ ¶ 7 Slaughter contends the superior court erred in granting summary judgment for the State because genuine issues of material fact exist regarding whether the County served as the State's agent with respect to Slaughter's employment and therefore whether her service of a notice of claim on the County satisfied her obligation to file a notice of claim with the State under § 12–821.01. We view the facts in the light most favorable to Slaughter, against whom summary judgment was entered, and determine *de novo* whether any genuine issues of material fact exist and whether the trial court correctly applied the law. *Riley, Hoggatt & Suagee v. English*, 177 Ariz. 10, 12–13, 864 P.2d 1042, 1044–45 (1993); *L. Harvey Concrete, Inc. v. Agro Constr. & Supply Co.*, 189 Ariz. 178, 180, 939 P.2d 811, 813 (App.1997).

■ ¶ 8 Arizona's notice of claim statute requires a person with a claim against a public entity to file the claim with the person authorized to accept service ʿfor the entity within 180 days after the cause of action accrues. A.R.S. § 12–821.01(A).[3] The failure to timely file a notice bars the claim and is not excused by actual notice or substantial compliance. *Id.; Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527, ¶ 10, 144 P.3d 1254, 1256 (2006); *Salerno v. Espinoza*, 210 Ariz. 586, 587–88, ¶ 7, 115 P.3d 626, 627–28 (App.2005).

¶ 9 The State moved for summary judgment on the grounds that Slaughter had not produced any evidence that she had filed a notice of claim with the State. Slaughter did not dispute that she had not filed a claim with the State, but argued that the claim she filed with the County on June 21, 2005 was proper notice to the State under § 12–821.01 because the County was the State's agent with respect to her employment. She submitted an affidavit in which she avowed that she had applied for employment with the County, was hired and paid by the County, she understood she was a County employee, and had never been notified of a change in her employment. She also provided several employment documents that she claimed evidenced that she was employed by the County. Slaughter argues this evidence was sufficient to create a material question of fact regarding whether the County acted as the State's agent for purposes of her employment and, thus, whether the notice of claim she served on the County was sufficient notice to the State.[4] The State contends that even if Slaughter could establish that the County was its agent for purposes of Slaughter's employment, it was not the State's agent for purposes of service of a notice of claim and therefore, the notice of claim was not effective as to the State.[5]

¶ 10 Section 12–821.01(A) requires a claimant to file his or her notice of claim with the "person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure." Rule 4.1 provides that "service upon the state shall be effected" by delivery to the attorney general. Ariz. R. Civ. P. 4.1(h). Because Slaughter did not produce any admissible evidence that she served the notice on the State attorney general, the superior court correctly entered summary judgment against her. Ariz. R. Civ. P. 56(e); *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 61, ¶ 21, 234 P.3d 623, 629 (App.2010) (affirming summary judgment against plaintiff who

---

3.  "For purposes of this section, a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." A.R.S. § 12–821.01(B).

4.  Slaughter also cites the superior court's earlier ruling denying the County's motion for summary judgment on the grounds that a question of fact

existed regarding whether the County employed Slaughter.

5.  The State also argues that, as a matter of law, Slaughter was a State employee because officers, agents and employees of the judicial department are State employees. We need not reach this issue.

failed to produce evidence he had served a notice of claim on defendant police officers).

¶ 11 Nevertheless, Slaughter argues that because she believed the County was her employer, she did not know that she should serve a notice of claim on the State and it would be unfair to penalize her for not doing so.[6] She relies on *Ames v. State,* 143 Ariz. 548, 694 P.2d 836 (App.1985), in which we found that the State received sufficient notice of the plaintiff's claim even though the plaintiff did not serve the notice on the particular state agency involved in the action. In *Ames,* the plaintiff sued the State for damages arising out of a collision at a railroad crossing. *Id.* at 549, 694 P.2d at 837. Prior to filing his complaint against the State, the plaintiff sent a notice of claim to the Arizona Corporation Commission, the governor, and the State attorney general. *Id.* During the course of discovery, the plaintiff learned that the Arizona Department of Transportation (ADOT) was involved in the design, construction, and maintenance of the crossing device at issue and he amended his complaint to add ADOT as a defendant. *Id.* at 550, 694 P.2d at 838. On appeal from a jury verdict, the State argued that the plaintiff's failure to file a notice of claim with ADOT invalidated his claim against the State. *Id.* at 550–51, 694 P.2d at 838–39. We rejected this argument, noting that the State, and not an agency thereof, was the real party in interest in the action and that it had received sufficient notice from plaintiff's notice of claim prior to the institution of the lawsuit. *Id.* at 551–52, 694 P.2d at 839–40.

¶ 12 Here, unlike in *Ames,* Slaughter did not serve the State with her notice of claim, but served an entirely different governmental body. Thus, the State did not receive notice of her claim and had no opportunity to investigate and assess its liability prior to the litigation. *See Haab v. County of Maricopa,* 219 Ariz. 9, 12, ¶ 15, 191 P.3d 1025, 1028 (App.2008) (discussing the purpose of the notice of claim requirements). Moreover, it is undisputed that even after the County

moved for summary judgment in February 2006 on the grounds that the judicial branch of government employed Slaughter, and she therefore had notice that the State might be her employer, she took no action to notify the State of her claim pursuant to the notice of claim statute before she amended her complaint to add it as a defendant.

¶ 13 There is no evidence that Slaughter complied with Arizona's notice of claim statute, and the superior court properly granted summary judgment for the State.

### B. Motion to Dismiss

¶ 14 We will not disturb a dismissal for failure to prosecute unless the trial court abused its discretion. *Cooper v. Odom,* 6 Ariz.App. 466, 469, 433 P.2d 646, 649 (1967) (noting trial court has the "inherent power to dismiss a case" when it has not been prosecuted). In addition, Maricopa County Local Rule 3.6(a)(3) states a "civil action shall be dismissed for failure to prosecute upon written motion and notice to opposing counsel, at the discretion of the court" based on "appropriate reasons." *See also Paul v. Paul,* 28 Ariz. 598, 603, 238 P. 399, 401 (1925) (finding sixteen-month period during which plaintiff took no action indicated abandonment of suit and was sufficient to warrant dismissal for lack of prosecution); *Old Republic Nat'l Title Ins. Co. v. New Falls Corp.,* 224 Ariz. 526, 531, ¶ 23, 233 P.3d 639, 644 (App.2010) (finding no abuse of discretion in trial court's dismissal for lack of prosecution where plaintiff took no action for more than two years).

¶ 15 Here, there is no indication that Slaughter prosecuted her claims against the County beyond filing the complaint. She had not conducted any discovery and was not ready to proceed to trial for more than two years after she filed her first amended complaint. Slaughter argues her delay was justified by the superior court's order limiting the scope of discovery to procedural issues raised by the State. She ignores, however, that the order required that the limited discovery be

---

**6.** Both the County and the State point to the fact that Slaughter was specifically advised in August, 2005 that the notice of claim she had served on the County board of supervisors had been served on the wrong entity and that Slaughter's employ-

ment was with the State and not the County, and therefore, service on the County "is not correct and is not sufficient to comply with the requirements of the claims statute."

completed on July 31, 2008, nine months before the County sought dismissal for lack of prosecution, and she did nothing to advance her case against the County even after that date.[7]

¶ 16 Further, we reject Slaughter's argument that under *Dept. of Revenue v. S. Union Gas Co.*, 119 Ariz. 512, 582 P.2d 158 (1978), the superior court did not have a sufficient basis to dismiss her complaint against the County. In *Southern Union*, the Arizona Supreme Court held that a statute that directed the superior court to hear tax appeals within ninety days after they were docketed was directory and not mandatory and therefore did not require dismissal for its violation. *Id.* at 514, 582 P.2d at 160. The court in *Southern Union* did not address involuntary dismissal pursuant to Arizona Rule of Civil Procedure 41(b), except to note that a violation of the ninety-day statutory provision, without more, did not amount to an unreasonable delay from which it could be concluded that a party had abandoned his claim. *Id.* Accordingly, we find *Southern Union* factually distinct, and therefore, not controlling.

¶ 17 The court's determination that Slaughter failed to prosecute her claims was not an abuse of discretion. *Quigley v. City Court*, 132 Ariz. 35, 37, 643 P.2d 738, 740 (App.1982) (defining abuse of discretion as discretion "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons"). We find no error in its dismissal of Slaughter's claims against the County.

## CONCLUSION

¶ 18 For the foregoing reasons, we affirm.

CONCURRING: PHILIP HALL, Presiding Judge and JON W. THOMPSON, Judge.

---

7. Slaughter's failure to advance her case is not excused by the fact that the County had not answered her first amended complaint. *See* Ariz. R. Civ. P. 55 (providing method by which a plaintiff may obtain default judgment against a defendant who has failed to plead or otherwise defend).