**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFERY HAUSAUER, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CITY OF MESA; et al., <br><br> Defendants-Appellees. | No. 18-15418 <br><br> D.C. No. 2:15-cv-01796-ROS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Jeffrey Hausauer appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging federal and state law claims in connection

with his arrest for theft.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo a district court's ruling on cross-motions for summary judgment.  *Guatay*

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We may affirm on any basis supported by the record. *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 587 (9th Cir. 2018). We affirm.

Summary judgment was proper on Hausauer's unlawful arrest claim against defendant Woods because Woods was entitled to qualified immunity. *See Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011) (discussing qualified immunity and noting that a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right" (citation and internal quotation marks omitted)).

Summary judgment was proper on Hausauer's deliberate indifference claim against defendants Woods and Murua because Hausauer failed to raise a genuine dispute of material fact as to whether Woods or Murua was deliberately indifferent to a serious medical need. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (a pretrial detainee's Fourteenth Amendment medical care claim must be evaluated under an objective deliberate indifference standard; setting forth elements).

The district court properly granted summary judgment on Hausauer's state law claims against defendants Woods and Murua because Hausauer failed to establish that he served the notice of claim on Woods and Murua as required by Ariz. Rev. Stat. § 12-821.01(A). *See* Ariz. Rev. Stat. § 12-821.01(A) ("Persons

who have claims against a public employee shall file claims with the person or persons authorized to accept service for the . . . public employee as set forth in the Arizona rules of civil procedure . . . .”); Ariz. R. Civ. P. 4.1(d) (service on an individual); *see also Slaughter v. Maricopa County*, 258 P.3d 141, 143 (Ariz. Ct. App. 2011) (“The failure to timely file a notice bars the claim and is not excused by actual notice or substantial compliance.” (citations omitted)).

The district court did not abuse its discretion in denying Hausauer's motion for reconsideration of the order dismissing the claims against defendant Nevin because Hausauer did not present a proper basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and bases for reconsideration).

The district court did not abuse its discretion in denying Hausauer's motion for recusal because Hausauer failed to establish any basis for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and objective test for determining whether recusal is required).

The district court did not abuse its discretion in denying Hausauer's various discovery-related motions because Hausauer failed to show “actual and substantial prejudice” as a result of the denied discovery. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review). To the extent Hausauer's motions may be construed as requests to take discovery in order

to oppose summary judgment, Hausauer failed to comply with the requirements of Federal Rule of Civil Procedure 56(d). *See* Fed. R. Civ. P. 56(d); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (a party seeking additional time for discovery is required to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment").

We reject as meritless Hausauer's contentions that the district court erred by failing to hold a discovery hearing before ruling on summary judgment or prohibited him from amending the complaint.

We do not consider arguments raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Hausauer's requests for a new trial, a new trial judge, and appointment of counsel, set forth in the opening and reply briefs, are denied.

**AFFIRMED.**