NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

VALENTYNA SPRINKLE, *Plaintiff/Appellant,*

*v.*

JULIO NEAVE, et al., *Defendants/Appellees.*

No. 1 CA-CV 21-0747
FILED 9-15-2022

Appeal from the Superior Court in Maricopa County
No. CV2019-014816
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Valentyna Sprinkle, Phoenix
*Plaintiff/Appellant*

Law Offices of Collin T. Welch, Phoenix
By Taryn A. Campbell
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**F U R U Y A**, Judge:

**¶1** This case arises from litigation involving an auto accident between Valentyna Sprinkle and Julio Neave. Sprinkle appeals the superior court's ruling granting Neave's Motion to Dismiss for failure to prosecute. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** Sprinkle and Neave were involved in a two-car accident in November 2017. The details of the accident are not at issue in this appeal, but rather Sprinkle challenges the procedural ruling resulting in the dismissal of her lawsuit.

**¶3** The parties attended compulsory arbitration in July 2020. The arbitrator found in Neave's favor in August 2020 and Sprinkle timely appealed the arbitration award to the superior court. The court set a trial for September 2021.

**¶4** Following Sprinkle's appeal of the arbitration award, Neave made repeated efforts to resolve discovery disputes with Sprinkle. Neave attempted to discuss Sprinkle's claims and obtain additional information, including by email in November 2020 and by phone in March 2021. Sprinkle did not supplement her initial Arizona Rules of Civil Procedure ("Rule") 26.1 disclosures, respond to Neave's requests for medical authorization, request for deposition dates, or otherwise participate in discovery.

**¶5** After waiting ten months for Sprinkle to participate in discovery or move her case forward, Neave filed a motion to dismiss. Sprinkle did not respond to the motion. The court dismissed Sprinkle's case with prejudice in August 2021.

**¶6** Sprinkle filed a motion to strike the dismissal in September 2021, alleging that she had not been properly served with Neave's motion. The court ordered both parties to file responses regarding the service of Neave's motion to dismiss. Neave's response indicated that pursuant to Rule 5, the motion had been mailed to Sprinkle's last-known address on file

with the court. Sprinkle's response confirmed that she was living at the same address Neave had mailed his motion to when the motion was sent. The court affirmed the dismissal. Sprinkle timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.     Sprinkle's Deficient Briefing.

**¶7**          As a preliminary matter, Sprinkle's brief on appeal is deficient. Pursuant to rules governing appeals, an appellant's opening brief must contain certain required elements, including a statement of the background facts, the issues presented for appeal, and an "argument" containing the appellant's contentions. Ariz. R. Civ. App. P. ("ARCAP") 13(a)(5)–(7). Appellant's argument must also include citations to legal authorities in support of their contentions, references to the record, and a statement of the appropriate standard of review. ARCAP 13(a)(7)(A)–(B). An appellant who fails to make a "bona fide and reasonably intelligent effort to comply with the rules" will waive issues and arguments "not supported by adequate explanation, citations to the record, or authority." *Ramos v. Nichols*, 252 Ariz. 519 ¶ 8 (App. 2022) (quoting *In re Aubuchon*, 233 Ariz. 62, 64–65 ¶ 6). Pro se litigants are held to the same standards as attorneys and are not afforded any special leniency. *Id.*

**¶8**          Sprinkle has waived any issues or arguments on appeal by failing to comply with these requirements. For example, her opening brief contains no citations to the Index of Record, it does not contain a statement of the issues that she advances on appeal, and it fails to provide citations to any relevant authorities supporting her arguments as to those issues. Therefore, Sprinkle has not made a "bona fide and reasonably intelligent effort" to comply with ARCAP 13's requirements. *Id.* Sprinkle's failure to comply with ARCAP 13 must be treated as a waiver of all appealable issues and requires that the court's dismissal be affirmed. *Ramos*, 252 Ariz. at ¶ 11.

### II.    Sprinkle's Failure to Respond.

**¶9**          Sprinkle's appeal also fails because she did not respond to Neave's Motion to Dismiss.

**¶10**          When a party files a motion, Rule 7.1 requires the nonmoving party to file any response within 10 days after the motion is served. Ariz. R. Civ. P. 7.1(a)(3). The court can summarily grant a motion if the opposing party does not timely respond. Ariz. R. Civ. P. 7.1(b)(2); *Strategic Dev. &*

*Const., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 64–65 ¶ 16–17 (App. 2010). Without clear abuse of discretion, we will not disturb the court's grant of an unanswered motion to dismiss. *Arnold v. Van Ornum*, 4 Ariz. App. 89, 90 (1966).

**¶11** Sprinkle's first response to Neave's Motion to Dismiss was her "motion to strike of [sic] dismissal" filed in September 2021, more than 60 days after her deadline for filing a response had elapsed. Under Rule 7.1, the court had the discretion to grant Neave's motion to dismiss on this basis alone.

### III.    Sprinkle's Appeal Fails on the Merits.

**¶12** In addition to failing to comply with briefing requirements on appeal and responding to Neave's motion in the superior court, Sprinkle's appeal also fails on the merits.

**¶13** We review the court's grant of a motion to dismiss for failure to prosecute for an abuse of discretion. *Slaughter v. Maricopa Cnty.*, 227 Ariz. 323, 326 ¶ 14 (App. 2011); *see also Cooper v. Odom*, 6 Ariz. App. 466, 469 (1967) (noting that "trial courts have the inherent power to dismiss a case on their own motion if the case has not been diligently prosecuted."). A court abuses its discretion when its use of that discretion is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Quigley v. City Ct. of City of Tucson*, 132 Ariz. 35, 37 (App. 1982). An abuse of discretion requires more than merely a "difference in judicial opinion." *Id.*

### A.  Sprinkle's Failure to Prosecute.

**¶14** Sprinkle abandoned her claims by failing to engage in discovery for nine months after the court set a trial. The court may grant a defendant's motion to dismiss where the plaintiff failed to prosecute or otherwise comply with the Rules. Ariz. R. Civ. P. 41(b). Such prosecution, including timely discovery and disclosure, must be "diligently" pursued. *Passmore v. McCarver*, 242 Ariz. 288, 292 ¶ 9 (App. 2017); *see also Slaughter*, 227 Ariz. at 326 ¶ 15 (finding that the plaintiff had not prosecuted her claims where she had failed to conduct discovery and was unprepared for trial more than two years after filing suit).

**¶15** Here, Sprinkle failed to make required disclosures under Rule 26.1. In the nine months following the order setting trial, Neave's counsel attempted to communicate with Sprinkle to resolve discovery disputes. But the record does not show Sprinkle made any additional disclosures. Nor did she cooperate in resetting dates for her deposition or otherwise respond

to Neave's discovery requests during that time. Given Sprinkle's failure to engage in any meaningful discovery, the court did not abuse its discretion in determining that Sprinkle abandoned her claim.

### B. Sufficient Service.

**¶16** Sprinkle also argues the court erred because Neave's motion to dismiss was not properly served. After initial appearances in a case, motions and other filings may be served by mailing them to the opposing party's last-known address by United States mail. Ariz. R. Civ. P. 5(c)(2)(C). Service is complete upon mailing. *Id.*

**¶17** Neave mailed a copy of the Motion to Dismiss to Sprinkle's last-known address. Sprinkle confirmed to the court that Neave had sent his motion to dismiss to her correct last-known address. Because Neave properly mailed the motion to Sprinkle's last-known address and she confirmed that she lived there at the time of service, Sprinkle received sufficient service of process under Rule 5. Therefore, Sprinkle's arguments on appeal do not establish her claim of improper service nor illustrate any abuse of discretion by the court, and we must affirm the court's dismissal.

### CONCLUSION

**¶18** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA